IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

RONALD W. WALDEN JR., )
an individual )
)
Plaintiff, )
)
v. )
)
HAMPTON PARKS AND RECREATION, )   Case No: 4:10-cv-127
a subdivision of the City of Hampton, )
)
Defendant. )
_____/

FILED
SEP 24 2010
CLERK, US DISTRICT COURT
NN, VA

## COMPLAINT

Plaintiff, RONALD W. WALDEN JR., an individual, by and through his undersigned counsel, hereby files this Complaint and sues HAMPTON PARKS AND RECREATION, a subdivision of the City of Hampton, for damages, injunctive relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("Americans with Disabilities Act" or "ADA"), 29 U.S.C. § 794 et seq. (Rehabilitation Act) and Virginia state law and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq., (see also 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. §794 et seq. (Rehabilitation Act). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other state law claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's

Property, which is the subject of this action, is located in Hampton City County, Virginia.

3. Plaintiff, RONALD W. WALDEN JR., (hereinafter referred to as "MR. WALDEN") is a resident of the State of Virginia.

4. MR. WALDEN is a qualified individual with a disability under the ADA. Mr. Walden is diagnosed with Osteogenesis imperfecta and uses a wheelchair for his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, HAMPTON PARKS AND RECREATION (hereinafter referred to as "HPR" or "DEFENDANT") is a subdivision of the City of Hampton with its principal office in Hampton, Virginia. Upon information and belief, DEFENDANT is the owner, lessee, and/or operator of the public entity including the real property, improvements, and programs which are the subject of this action, to wit: Hampton Coliseum, generally located at 1000 Coliseum Drive, Hampton, Virginia 23666 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Virginia.

## COUNT I
## (VIOLATION OF TITLE II OF THE ADA)

8. Plaintiff realleges and reavers paragraphs 1-8 as if they were expressly restated herein.

9. HPR is a public entity, subject to the ADA, which owns and administers the HAMPTON COLISEUM, generally located at 1000 Coliseum Drive, Hampton, Virginia 23666.

10. MR. WALDEN had visited the Property and plans to return to the Property in the near future to utilize the programs and activities administered theron.

11. During his visit, MR. WALDEN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MR. WALDEN continues to desire to visit the Property, but fear that he will experience serious difficulty again due to the barriers discussed in paragraph 14 which still exist.

13. MR. WALDEN plans to and will visit the Property in the future as a patron and to determine if the barriers to access alleged herein have been modified.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. Plaintiff's visits to the Property show that the Program is not accessible. These violations include, but are not limited to:

   A. Inaccessible parking provided for the disabled due to spaces improperly located on excessive slopes and lack of adequate access aisles;

   B. Inaccessible routes from the parking to the entrances of the Property due to excessive gaps in the pavement and sidewalk, and steep curb cuts/ramps;

   C. Inaccessible routes through the courtyard of the Property due to excessive slopes and pavement in disrepair;

   D. Inaccessible routes, ramps, and walkways throughout the interior of the Property due to excessive slopes and lack of proper handrails;

   E. Inaccessible seating designated for the disabled throughout

       the Property due to lack of adequate seating and failure to disburse the accessible seats throughout the Property at each ticket price level;

   F. Inaccessible sales and service counters throughout the Property due to excessive height; and

   G. Inaccessible restrooms throughout the facility.

15. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

16. The Defendant has discriminated against Plaintiff, MR. WALDEN, by denying him full access to the services, programs, and/or activities by failing to make their facility, HAMPTON COLISEUM, readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 et. seq.

17. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. Plaintiff has personally experienced numerous barriers to access on the property, as discussed herein.

18. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections—(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant has violated this provision by providing its services,

programs, and/or activities at an inaccessible facility.

19. 28 C.F.R. § 35.150 (b)(1) and 28 C.F.R. § 35.15 (c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessibility Standards (UFAS) shall be deemed to comply with Title II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

20. Defendant has discriminated against the Plaintiff by excluding him from participation in, and denying them the benefits of, the services, programs, and/or activities at its facility because of Plaintiff's disabilities, all in violation of 42 U.S.C. § 12132. Furthermore, HPR continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, egregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of HPR's facility, and have otherwise been discriminated against and damaged by HPR because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly

situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy HPR's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the HPR's facility in order to catalogue and cure all the areas of non-compliance with the Americans with Disabilities Act.

22. Plaintiff has retained the undersigned counsel and are entitled to recover reasonable attorneys' fees, costs and litigation expenses from HPR pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

23. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

24. Pursuant to 42 U.S.C. § 12131, et seq., this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter HAMPTON COLISEUM to make those facilities, and/or programs, and/or activities, readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the HPR cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant, HPR, is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq;

B. Preliminary and permanent injunctive relief against the Defendant, HPR, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the

Defendant, HPR, to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

C. An award of reasonable attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175;

D. Such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

25. Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-24 as if fully stated herein.

26. Plaintiff brings this claim against HPR, based upon the Rehabilitation Act, 29 U.S.C. §794, et seq.

27. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

        any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

28. As set forth herein, HPR has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected them to discrimination under, HPR's programs and activities.

29. A non-exclusive list of HPR's violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff are evidenced by:

    A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by HPR;

    B. by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive HPR's aids, benefits and services;

    C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by HPR;

    D. failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

    E. excluding Plaintiff from participation in, and the benefits of, HPR's

      services programs and activities as a result of HPR's facility being inaccessible to or unusable by Plaintiff; and

    F.    failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

30.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at HAMPTON COLISEUM which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises. Plaintiff brings this action:

    A.    to redress injuries suffered as a result of HPR's discriminatory actions and inactions set forth herein;

    B.    to reasonably avoid further and future injury to Plaintiff as a result of HPR's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

    C.    to ensure HPR's facility is accessible as required by the relevant applications of Title II of the ADA, the effective date of the ADA.

    D.    to be made whole and ensure future compliance; and,

    E.    to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

31. Upon reasonable belief, HPR is the recipient of Federal Funds. As the recipient of federal funds, HPR is liable for damages to the Plaintiff as a result of HPR's acts and omissions constituting intentional discrimination.

32. As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by HPR solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of the HPR's Rehabilitation Act violations set forth above.

33. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from HPR pursuant to 29 U.S.C. §794(b).

34. Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the Plaintiff compensatory damages for HPR's discriminatory actions.

**WHEREFORE**, Plaintiff demands judgment against HPR and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property, programs and activities owned,

operated and administered by HPR is in violation of the Rehabilitation Act;

B. That the Court enter an Order enjoining the HPR from continuing its discriminatory practices;

C. That the Court enter an Order directing HPR to alter and modify the subject premises, facilities, services, activities, programs and accommodations as appropriate to comply with the Rehabilitation Act;

D. That the Court enter an Order closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

E. That the Court award reasonable attorneys' fees, costs and litigation expenses incurred in this action to the Plaintiff, and;

F. That the Court award Plaintiff an award of compensatory damages as well as such further relief that the Court deems to be just and proper.

## COUNT III
## VIRGINIA STATE CLAIM

35. Plaintiff reallages and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 34 of this Complaint.

36. Defendant's Property is a public entity under Section 51.5-44 of the Code of Virginia.

37. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

38. As a direct and proximate result of Defendant's intentional and negligent failure to

remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

39. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against HPR and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned and administered by HPR is in violation of the ADA;

B. That the Court enter an Order directing HPR to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing HPR to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow HPR to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

F. That this Court issue a Declaratory Judgment that the Defendant has violated the Virginia's Rights of Person with Disabilities Act.

G. That this Court orders the Defendant to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code.

H. That this Court award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

J. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,
KU & MUSSMAN, P.A.
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
By: _____
KU & MUSSMAN, P.A.,
Attorney For Plaintiff
Shabnam Khalili, Esq.
Local Counsel
3110 Mount Vernon Avenue, #1108
Alexandria, VA 22305
Tel: (202) 573-7070
Fax: (305) 891-4512
SKhalili7@gmail.com
Bar ID No.: 78681